UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION, DETROIT

TRIANGLE TOOL CORPORATION,

    Plaintiff,

    v.

HI-TECH MOLD & ENGINEERING, INC.,

    Defendant.

           /

Case No. 00-73022
Hon. Anna Diggs Taylor

FILED AUG 28 P4:42
U.S. DIST. COURT CLERK
E. DIST. MICH.
DETROIT

## TRIANGLE TOOL CORPORATION'S REPLY TO HI-TECH'S COUNTERCLAIMS

Triangle Tool Corporation ("Triangle"), by and through its attorneys, replies as follows to the counterclaims of Hi-Tech Mold and Engineering, Inc. ("Hi-Tech"), denying any allegation not specifically admitted.

### REPLY

### Counterclaim I (Declaratory Judgment)

35. Jurisdiction and venue of the Counterclaim are proper under 28 U.S.C. §§ 1332, 1338, 1391 and 1400, and are pendent to the complaint.

RESPONSE: Contains legal conclusions to which no response is required. To the extent responses are required, denies that Counterclaim I states a proper claim for which jurisdiction can be found.

GIFFORD, KRASS, GROH, SPRINKLE, ANDERSON & CITKOWSKI, P.C.  280 N. OLD WOODWARD AVENUE, STE. 400, BIRMINGHAM, MICHIGAN 48009-5394  (248) 647-6000

36. A justifiable controversy exists between Hi-Tech and Triangle under the issues raised in Triangle's Complaint and Hi-Tech's Answer, including Hi-Tech's Affirmative Defenses.

RESPONSE: Contains legal conclusions to which no response is required. To the extent a response is required, Triangle denies the validity of Hi-Tech's Affirmative Defenses, but admits that a justifiable controversy has already been joined by Triangle and Hi-Tech by Triangle's Complaint and Hi-Tech's Answers.

37. Maytag Corporation ("Maytag"), a Delaware Corporation with a principal place of business in Newton, IA, and Triangle were previously involved in litigation against one another in the United States District Court for the Southern District of Illinois, Civil Action Number 96-4351-JPG, and also were involved in two interference proceedings in the United States Patent and Trademark Office, Numbers 103, 530 and 103, 658. Hi-Tech was a co-defendant with Maytag in a suit filed in Wisconsin by Triangle (United States District Court, Western District Court of Wisconsin, Case No. 00 C0128S) involving the '556 patent. Hi-Tech was dismissed from the Wisconsin case after the case was filed.

RESPONSE: Admits.

38. Maytag and Triangle entered into a Settlement Agreement in May 1997, settling the above Illinois litigation and interference proceedings. A copy of the Settlement Agreement is attached as Exhibit A.

QBMAD\226134.1                              2

RESPONSE: Admits.

39. As part of the Settlement Agreement Triangle agreed to file a concession of priority in the two interferences, and further granted a release to Maytag.

RESPONSE: Contains legal conclusion to which no response is required. To the extent that a response is required, the Settlement Agreement speaks for itself. Triangle denies the allegations to the extent that they are inconsistent with the Settlement Agreement.

40. Triangle filed a concession of priority in the two interferences which resulted in two judgements of the Board of Interferences (Exhibits B and C) holding [that] Leroy Luther was not entitled to any of his patent claims in U.S. Patents 5,287,989 ('989 patent) and 5,167,898 ('898 patent), and further holding that Maytag employees were entitled to a patent containing claims corresponding to the Count in each interference.

RESPONSE: Contains legal conclusions to which no response is required. To the extent that a response is required, Triangle filed concessions of priority in the interferences relating to the '898 Patent and the '989 Patent in forms that speak for themselves, resulting in judgments that speak for themselves. Affirmatively alleges that the interferences do not reference the '556 Patent and that Triangle still owns the '898 Patent.

QBMAD\226134.1                3

41. Triangle's U.S. Patent 5,431,556 ('556 patent) which is the patent in the present suit, includes drawings and specification (not including claims) which are identical to the drawings and specifications of the two patents ('989 and '898) in the interference proceedings, and the '556 patent states on its face that it is a continuation of the '989 patent, which is a division of the '898 patent.

**RESPONSE**: Contains legal conclusions to which no response is required. To the extent that a response is required, denies.

42. The claims of the '556 patent and the subject matter they cover are not patentably distinct from the claims of the '989 patent and the '898 patent.

**RESPONSE**: Contains legal conclusions to which no response is required. To the extent that a response is required, denies.

43. Because the claims of the '556 patent are not patentably distinct from the claims of the '989 and '898 patents, Triangle's concession of priority as to the claims of the '989 and '898 patents was also a concession of priority to the claims of the '556 patent.

**RESPONSE**: Contains legal conclusions to which no response is required. To the extent that a response is required, denies.

44. Therefore the Settlement Agreement constitutes a complete defense to Triangle's claim against Hi-Tech for infringement of the '556 patent.

**RESPONSE**: Contains legal conclusions to which no response is required. To the extent that a response is required, denies.

45. Hi-Tech incorporates by reference the allegations of paragraphs 14-21 into this affirmative defense.

**RESPONSE**: The affirmative defenses contain legal conclusions to which no response is required. To the extent a response is required, deny each and every affirmative defense allegation.

46. As a result of the Settlement Agreement the Court entered the judgment attached as Exhibit D.

**RESPONSE**: Admits.

47. As a result of the settlement the Patent Office Board of Interferences entered two judgments attached as Exhibits B and C.

**RESPONSE**: Admits.

48. The Judgments of Exhibit B, C and D bar Triangle's claim against Hi-Tech for patent infringement of the '556 patent on the grounds of res judicata, collateral estoppel, and/or issue preclusion.

**RESPONSE**: Contains legal conclusions to which no response is required. To the extent that a response is required, denies.

49. Triangle filed a terminal disclaimer in the '556 patent providing that the '556 patent would be unenforceable if the '898 patent expired, or terminated, or became owned by a different entity.

**RESPONSE**: The Terminal Disclaimer speaks for itself. To the extent that a response is required, denies.

QBMAD\226134.1                                    5

GIFFORD, KRASS, GROH, SPRINKLE, ANDERSON & CITKOWSKI, P.C. 280 N. OLD WOODWARD AVENUE, STE. 400, BIRMINGHAM, MICHIGAN 48009-5394 (248) 647-6000

50. The Settlement Agreement (attached Exhibit A), together with the judgments of Exhibit B, C and D rendered the '556 patent unenforceable under the provisions of the terminal disclaimer because they resulted in termination of expiration of the '898 and '989 patents, and caused the '556 patent to no longer be commonly owned with the claimed subject matter of the '898 and '989 patents.

RESPONSE: Contains legal conclusions to which no response is required. To the extent a response is required, denies.

51. The '556 patent is invalid under 35 U.S.C. § 102.

RESPONSE: Contains legal conclusions to which no response is required. To the extent a response is required, denies.

52. The '556 patent is invalid under 35 U.S.C. § 103.

RESPONSE: Contains a legal conclusion to which no response is required. To the extent that a response is required, denies.

53. During the prosecution of the application which became the '556 patent, the Patent Examiner rejected the claims of the '556 patent as being unpatentable over the claims of the '898 patent in view of the Lundquist U.S. Patent 4,452,420.

RESPONSE: The examiner's initial determination speaks for itself; denies the allegations to the extent that they are inconsistent with the initial determination; and denies the allegations as written.

54. Triangle did not resist the Examiner's rejection, but instead acquiesced in response to the rejection by filing a terminal disclaimer.

QBMAD\226134.1                                          6

RESPONSE: Admits that Triangle filed a terminal disclaimer for the purpose of removing the rejection of double patenting, using this expedient method to obviate the need to challenge the examiner's initial determination. Denies that Triangle "acquiesced" to the substance of the initial determination and denies the remaining allegations.

55. In the Settlement Agreement Triangle conceded the priority of the claims of the '898 patent to Maytag, and consequently that concession made the subject matter of those claims prior art against the '556 patent.

RESPONSE: Denies.

56. Triangle is precluded from denying the invalidity of the '556 patent claims under 35 U.S.C. § 103 under the doctrines of acquiescence and estoppel arising from Triangle's failure to object to the Examiner's rejection and from Triangle's filing of a terminal disclaimer.

RESPONSE: Contains legal conclusions to which no response is required. To the extent that a response is required, denies.

57. Triangle's bringing of this suit constitutes exceptional circumstances under 35 U.S.C. § 285 and therefore Hi-Tech should be awarded reasonable attorney fees in defending this action.

RESPONSE: Contains legal conclusions to which no response is required. To the extent that a response is required, denies.

### Counterclaim II (Tortious Interference)

58. Jurisdiction and venue of this Counterclaim II are proper under 28 U.S.C. §§ 1332, 1338, 1391, and 1400, and are pendent to the Complaint.

RESPONSE: Contains legal conclusions to which no response is required. To the extent that a response is required, denies that the amount in controversy regarding Counterclaim I exceeds $75,000, and therefore diversity jurisdiction does not apply; denies that this purported counterclaim arises under an Act of Congress relating to patents or is a claim of unfair competition, so that jurisdiction is also not available under 28 U.S.C. § 1338.

59. Hi-Tech incorporates by reference into this Counterclaim II the allegations of paragraphs 35-57 of Counterclaim I.

RESPONSE: Repeats and alleges by reference each response to allegations of paragraph 35-37 of Counterclaim I.

60. Maytag is a Delaware Corporation with is principal place of business in Newton, Iowa.

RESPONSE: Admits.

61. Hi-Tech is a manufacturer of mold assemblies, and Hi-Tech has an existing contractual relationship with Maytag for supplying Maytag with mold assemblies which are accused of infringing the '556 patent in the Complaint.

RESPONSE: Lack knowledge or information sufficient to form a belief as to the truth of each allegation contained in paragraph 61, therefore, denies the allegations.

62. Triangle has sued both Maytag and Hi-Tech for infringement of the '556 patent in the United States District Court, Western District of Wisconsin, Case No. 00 C0128S.

RESPONSE: Admits.

63. Hi-Tech has been dismissed as a party from the Wisconsin action for that reason the Court did not have personal jurisdiction over Hi-Tech.

RESPONSE: Admits that the Court so held.

64. Triangle's filing suit against Hi-Tech and Maytag in Wisconsin was done with the intent to interfere with the contractual relationship between Maytag and Hi-Tech.

RESPONSE: Denies. Triangle filed suit to prevent, and to obtain damages for, patent infringement.

65. Triangle's actions in suing Hi-Tech and Maytag for infringement were baseless in view of the lack of personal jurisdiction of this Court over Hi-Tech, the invalidity and unenforceability of the '556 patent, the Settlement Agreement attached hereto as Exhibit A, and the three judgments attached hereto as Exhibits B, C and D.

RESPONSE: Contains legal conclusions to which no response is required. To the extent that a response is required, denies.

66. Triangle's actions in bringing suit against Hi-Tech and Maytag constitute a tortious and wrongful interference by

Triangle with the existing contractual relationship between Maytag and Hi-Tech.

**RESPONSE**: Contains legal conclusions to which no response is required. To the extent that a response is required, denies.

67. Hi-Tech has been damaged by this tortious interference in an amount to be proven at trial.

**RESPONSE**: Contains legal conclusions to which no response is required. To the extent that a response is required, denies.

68. Triangle continues to assert that Hi-Tech and Maytag both infringe the '556 patent, and this allegation will continue unless Triangle is further enjoined from making such claims for from brining suit against either Maytag or Hi-Tech.

**RESPONSE**: Contains legal conclusions to which no response is required. To the extent that a response is required denies.

## AFFIRMATIVE DEFENSES

1. Hi-Tech has failed to state a claim upon which relief can be granted.

2. Hi-Tech has waived and is estopped from claiming that LeRoy Luther did not invent the object matter of the '556 patent.

3. Hi-Tech's tortious interference claim is frivolous and fails as a matter of law.

4. Hi-Tech has failed to mitigate its damages, if any.

5. Hi-Tech has waived and is estopped from claiming that the '556 patent is invalid.

WHEREFORE, Triangle demands judgment against Hi-Tech on Hi-Tech's counterclaims, its costs, disbursements, attorneys' fees and such further relief deemed just and reasonable by the Court. Dated this 28th day of August, 2000.

          Respectfully submitted,

          DOUGLAS W. SPRINKLE
          GIFFORD, KRASS, GROH, SPRINKLE
          ANDERSON & CITKOWSKI, P.C.
          280 N. Old Woodward Avenue
          Suite 400
          Birmingham, MI 48009-5394
          Telephone: (248) 647-6000
          **Attorneys for Plaintiff,**
          **Triangle Tool Corporation**

OF Counsel:
JAMES R. COLE
ANTHONY A. TOMASELLI
BRIAN W. BLANCHARD
QUARLES & BRADY LLP
Firstar Plaza
One South Pinckney Street
Madison, Wisconsin  53701-2113
Telephone:  (608) 251-5000
      Facsimile:  (608) 251-9166

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of **TRIANGLE TOOL CORPORATION'S REPLY TO HI-TECH'S COUNTERCLAIMS** was served First Class Mail address to:

Thomas A. Lewry
John M Halan
BROOKS & KUSHMAN, P.C.
1000 Town Center, 22nd Floor
Southfield, MI 48075

Edmund J. Sease
Michael G. Voorhees
ZARLEY, MCKEE, THOMATE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721

on the 28th day of August, 2000.

QBMAD\226134.1

12